**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 14, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ALLEN WOLFSON,

      Plaintiff - Appellant,

    v.

CHRISTOPHER BRUNO,

      Defendant - Appellee.

No. 07-4205
(D.C. No. 2:05-CV-796-TC)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, **McKAY**, and **McCONNELL**, Circuit Judges.

---

Petitioner Allen Wolfson, a federal prisoner proceeding pro se, asserts a

civil rights conspiracy claim under 42 U.S.C. § 1985(3). The district court

dismissed the suit for failure to state a claim upon which relief may be granted

based on 28 U.S.C. § 1915(e)(2)(B)(ii).[1] We review de novo a dismissal under

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

    After examining Petitioner's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

    [1]"[T]he court shall dismiss [an *in forma pauperis*] case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which

(continued...)

that section. *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999).

"Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Id.* "In determining whether dismissal is proper, we must accept the allegations of the complaint as true and we must construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff." *Id.*

For Petitioner's complaint to state a claim under §1985(3), he must allege that Defendant (1) conspired, (2) to deprive Petitioner of equal protection or equal privileges and immunities under the law, (3) acted in furtherance of this objective, and (4) injured Petitioner or deprived him of any right or privilege as a result. *See Griffin v. Breckenridge*, 403 U.S. 88, 103 (1971). The intent behind the conspiracy must be based on some invidious discriminatory animus, such as racial or otherwise class-based animus. *Id.* at 102. "The conspiracy . . . must aim at a deprivation of the equal enjoyment of rights secured by the law to all." *Id.* "[Section] 1985(3) applies to private conspiracies only in the event that the right aimed at by the conspiracy is one protected against both public and private interference." *Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993).

Petitioner argues on appeal that the district court should have allowed him

[1](...continued)
relief may be granted . . . ." 28 U.S.C. § 1915(e)(2)(B)(ii).

-2-

to amend his complaint. However, the deficiencies in Petitioner's argument were so glaring that, even when viewed liberally, they could neither support his cause of action nor justify giving him an opportunity to amend. Petitioner also argues on appeal that he should have been given ten days to amend his complaint before it was dismissed under Fed. R. Civ. P. 12(b)(6). Petitioner's complaint was not dismissed under that rule; therefore, this argument necessarily fails. Finally, Petitioner also contends on appeal that, had he been given the opportunity to amend his complaint, he would have amended his claim to arise under 28 U.S.C. § 1332 instead of 42 U.S.C. § 1985(3). Petitioner confuses the question of improper jurisdiction with his civil rights claim and does not explain why amending his jurisdictional argument would affect his original claim.

For substantially the reasons set forth in the district court's memorandum decision and order, we conclude Petitioner failed to allege facts that would allow him to prevail on his claim for relief. Moreover, we hold it would be futile to give Petitioner the opportunity to amend. Accordingly, we **AFFIRM** the district court's dismissal for failure to state a claim. We **GRANT** Petitioner's request to proceed *in forma pauperis* on appeal.

Entered for the Court

Monroe G. McKay
Circuit Judge

-3-